## LEWERS & COOKE, LIMITED, A CORPORATION, v. LEONG HOON.

### No. 1694.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

ARGUED JUNE 14, 1926.                    DECIDED JULY 17, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

EVIDENCE.

> Upon the evidence adduced the decree appealed from is affirmed.

OPINION OF THE COURT BY PERRY, C. J.

Lewers & Cooke, Limited, brought an action at law against one Wong Wong for the recovery of moneys due by the latter and secured judgment against him in the sum of about $30,000. In that action the plaintiff attached all of the right, title and interest of Wong Wong in and to a certain piece of land situate at Pawaa in Honolulu. Execution was issued upon this judgment and at the execution sale Lewers & Cooke bid in the property sold for the sum of $101. What was sold and what was later conveyed by the sheriff's deed to Lewers & Cooke, Limited, was simply all of the right, title and interest of Wong Wong in and to the land described. Subsequently this suit was filed. This is a bill in equity alleging that one Robert Horner conveyed the same piece of land to one Leong Hoon for the sum of $23,000 and that the money paid by Leong Hoon as the purchase price of the property was not his (Leong Hoon's) money but was the money of Wong Wong and that Leong Hoon was in fact and in law merely a bare trustee holding the legal title for Wong Wong. The other facts above recited were also alleged in substance in the bill. The prayer is that Leong Hoon

be declared to be a trustee of the land for Lewers & Cooke, Limited, the petitioner herein, and be ordered to convey the legal title to the petitioner.

After a trial, at which the parties were fully heard, the circuit judge filed a written opinion reciting the evidence in considerable detail and concluding, in effect, that the allegations of the bill had not been established to his satisfaction. The relief prayed for was denied. From the decree entered in pursuance of that opinion the case comes to this court on the petitioner's appeal.

No question of law is involved. The only question presented under the pleadings and the evidence is one of fact, i. e., whether the money which was paid to Horner as the purchase price of the land was the money of Leong Hoon or was that of Wong Wong. Direct evidence was offered by the respondent to the effect that it belonged to Leong Hoon. The respondent so testified and so, also, did at least one other witness,—although these two did not agree as to the sources from which Leong Hoon derived it. Wong Wong himself did not testify. He was out of the jurisdiction at the time of the trial and had been for some time prior thereto. The evidence for the petitioner consisted in the main of statements made to one of its officers by Wong Wong, out of the presence of Leong Hoon, in the nature of representations that he had bought the land in question. But at other times Wong Wong's representations to the same officer were that he held what only amounted to a 2/23 interest in the property. The testimony of this officer, moreover, was directly to the effect that Wong Wong's word was utterly unreliable and that he repeatedly made conflicting statements on the same subject to Lewers & Cooke,—all apparently with the hope of avoiding or postponing any efforts by Lewers & Cooke to. enforce payment of their claims against him. More detailed reference to the evi-

dence is unnecessary and would be unprofitable. We agree with the circuit judge that the essential allegations of the bill have not been proven. The decree appealed from is affirmed.

*A. Withington* (*Robertson & Castle* on the briefs) for petitioner.

*E. J. Botts* (also on the brief) for respondent.